Curia, per Richardson, J.
The question is general, and applies to all sheriffs. Can a sheriff sell an entire tract of land, when a part only is located within the territorial limits of his own district, because the entire tract, although extending into another district, is contained in *569 one conveyance or grant, and constitutes but one tract or plantation of the freeholder and defendant, whose land the sheriff has levied upon.
It cannot be supposed that a sheriff can, generally, sell the lands of an adjoining district. But in this instance, the juxtaposition and aggregation of the land, in fact, and its reduction and union in one title, is supposed to place the whole under the levy of one sheriff. And certainly, in many instances,' as perhaps in this, it might be convenient and just' to allow sucha power to the sheriff first making a levy upon the part within his district. But once allow such a power, and it would follow that a sheriff, by levying upon one acre of land situated within his district, might sell'many thousands of acres adjoining the one acre levied upon, and yet out of his district..
Usually, a sheriff sells a particular tract, but not from any •legal necessity; for he may, and sometimes does, sell a part or the whole, in separate subdivisions or parcels. But in ho case can he extend his own power, and sell lands beyond his jurisdiction, simply on account of a supposed economy and convenience to the parties concerned, or for his own interest. Such a discretion would be too easily .abused, and would lead to contentions, which of two sheriffs should get the first levy upon a tract of land extending into their two districts.
In fact, such cases of adjoining lands have occurred — ■ but in these, each sheriff sold only the part belonging to his own district; any other practice would be dangerous.
The sheriff’s release to the plaintiff must be expounded to convey no more than the land situated in Barnwell district. The motion to reverse the order made, is, therefore, granted, and the postea awarded to the defendant.
O’Neall, Evans, Wardlaw and Frost, JJ. concurred.